UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                  Case No.  6:06-cr-32-Orl-19KRS

**NEALLY CUNNINGHAM**
    a/k/a Neally Cunningham, Jr.
    a/k/a Nealey Cunningham III
    a/k/a Nealy Cunningham III
                      **Defendant**

_____

## ORDER

This case comes before the Court on Defendant Neally Cunningham's Motion in Limine to Exclude, or, Alternatively, to Limit the Government's Expert Testimony (Doc. No. 21, filed on April 24, 2006) and on the Government's Response to Defendant's Motion in Limine.  (Doc. No. 30, filed on May 3, 2006).  Defendant moves to exclude from trial the expert witness testimony of Drug Enforcement Agent Russell K. Baer who will testify that the amount of cocaine base possessed by Defendant is consistent with drug trafficking and inconsistent with personal use.

The rule is well established that "an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business." *United States v. Butler*, 102 F.3d 1191, 1199 (11th Cir. 1997) (internal citations and quotations omitted); *see also United States v. Valle*, 72 F.3d 210, 214-15 (1st Cir. 1995) (admitting expert testimony that the amount of drugs seized suggested distribution, not personal use); *see also United States v. Dirden*, 38 F.3d 1131, 1142 (10th Cir. 1994) (noting expert testimony was presented that quantity would have been for distribution and not personal use); *see also United States v. Deninno*, 29 F.3d 572, 577 (10th Cir. 1994) (finding sufficient evidence of intent to distribute based on expert

testimony that the amount "was consistent with amounts that are distributed"); *see also United States v. Reynoso*, 336 F.3d 46 (1st Cir. 2003) (explaining that the DEA agent was competent to testify to the relative distinctions in drug quantities typically possessed by users versus dealers). Thus, there is no dispute that a competent, qualified expert witness relying on a proper methodology could testify as to whether the amount of drugs possessed by a defendant was consistent with distribution as opposed to personal use.

In order to determine whether Baer's testimony is admissible in the instant case, the Court examines Federal Rule of Evidence 702 which governs the admission of expert testimony. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). Rule 702 provides that "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID 702. Rule 702 compels the Court to perform the "gatekeeping" function concerning the admissibility of expert evidence. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 n.7 (1993). The gatekeeping function requires the Court to conduct an analysis of the foundations of the expert opinion to ensure that they meet the standards for admissibility. *Frazier*, 387 F.3d at 1260.

In determining the admissibility of expert testimony under Rule 702, the Court conducts a three-part inquiry. *Id.* The Court must consider whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized

expertise, to understand the evidence or to determine a fact in issue." *Id.* (internal citations omitted). While there is some overlap among these requirements, they remain distinct components that must not be conflated. *Id.* (internal citation omitted). The burden of establishing these components rests on the proponent of the exert testimony. *Id.*

Examining the qualifications of the expert in the instant case, the Government asserts that Baer is qualified to testify as an expert by virtue of his advanced training in the investigation of drug trafficking offenses. The Court, however, will require further evidence as to Baer's background and experience before determining his qualifications to testify on this matter.

When evaluating the reliability of an expert opinion based on experience, the Court has considerable leeway in deciding how to go about determining whether particular expert's testimony is reliable. *Id.* at 1262. The Court must ensure that the testimony is properly grounded, well reasoned, and not speculative before it can be admitted at trial. *See* FED. R. EVID. 702 Advisory Committee's Note (2000 amends.). Defendant has only offered the conclusory assertion that Baer's testimony would be unreliable in the instant case. On the other hand, the Government has not detailed the basis for determining the reliability of Baer's methodology.

At this juncture, the Government has not demonstrated the basis for determining Baer's qualifications or the reliability of his methodology. Because the Court is unable to discern from the current record whether Baer's qualifications and reliability of his methodology meet the requirements of Rule 702, the Court **RESERVES RULING** on Defendant's Motion in Limine to Exclude, or Alternatively, to limit the Government's Expert Testimony. (Doc. No. 30). The Court will evaluate Baer's qualifications and the reliability of his methodology at trial.

**DONE AND ORDERED** in Chambers at Orlando, Florida this _10th___ day of May, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of Record